```
          IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
                                 CENTRAL DIVISION
_____
                                      )
GARY ARLAND MITCHELL,                 )
                                      )
          Plaintiff,                  )      Case No. 2:03-CV-359 PGC
                                      )
     v.                               )
                                      )
MICHAEL CHABRIES et al.,              )      O R D E R
                                      )
          Defendants.                 )
_____
```

Plaintiff, Gary Arland Mitchell, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983.  *See* 42 U.S.C.A. § 1983 (West 2006).  Plaintiff's motion to proceed *in forma pauperis* under 28 U.S.C. § 1915 was granted.  *See* 28 *id.* § 1915.  Before the Court is Plaintiff's Motion for an Emergency Temporary Restraining Order and Preliminary Injunction.

Plaintiff moves for a restraining order prohibiting Tammy Garner or her "employers," from retaliating against Plaintiff for filing this lawsuit.  Plaintiff also seeks a preliminary injunction requiring (1) return of all Plaintiff's legal materials; (2) a housing transfer back to his previous facility; (3) restoration of privileges such as phone calls, out-of-cell time, hot meals and recreation; and, (4) return of confiscated personal property.

To obtain a temporary restraining order or a preliminary injunction in federal court, the movant has the burden of establishing that:

> (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on the merits.

*Resolution Trust Corp. v. Cruce*, 972 F.2d 1195, 1198 (10th Cir. 1992).

Plaintiff's motion does not satisfy this heavy burden. Plaintiff's allegations of retaliation are vague and conclusory at best. In addition, Plaintiff's motion seeks relief from persons or entities who are no longer parties to this lawsuit. And, finally, the relief sought is unrelated to the claims remaining before the Court. If Plaintiff wishes to challenge his housing conditions, legal access, or privilege level, he must first exhaust his administrative remedies and then file a new case properly presenting those claims.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion for a preliminary injunction or temporary restraining order is **denied.**

DATED this 25th day of September, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge